IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON FRANKLIN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 06-202 |
| | ) | |
| v. | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Caiazza |
| FRANKLIN J. TENNIS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability be denied.

### II. REPORT

State prisoner Leon Franklin ("the Petitioner" or "Franklin") executed the instant habeas petition on February 12, 2006. As seen below, it should be dismissed as time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 went into effect on April 24, 1996. Because Franklin's habeas petition was filed after the effective date, AEDPA applies.

Under the statute, Franklin's habeas petition is untimely if not filed within one year of his conviction becoming final. 28 U.S.C. § 2244(d)(1)(a). Although AEDPA's statute of limitations is an affirmative defense, after a habeas petitioner has been put on notice of it, he bears some burden of showing why the limitations period has not expired. *See, e.g.*, Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) *and* Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding same). The Respondents here have joined the issue, and the Petitioner has failed to meet his burden.

The dates relevant to the court's analysis are as follows:

| | |
|---|---|
| 6/13/94 | Franklin was found guilty of various charges, including robbery of a motor vehicle, aggravated assault, and theft. |
| 9/12/96 | After an unsuccessful appeal to the Superior Court, the Pennsylvania Supreme Court on this date denied Franklin's petition for allowance of appeal ("PAA"). |
| 10/28/96 | Franklin filed an initial habeas petition in this court, at Civil Action Number 96-2150. (The District Court later denied the petition, finding among other things that the Petitioner had failed to exhaust state remedies, and the Court of Appeals for the Third Circuit affirmed.) |
| 12/11/96 | Franklin's conviction became final on this date, ninety days after the Pennsylvania Supreme Court denied his PAA. *See* Stokes v. District Attorney of Phila., 247 F.3d 539, 542 (3d Cir. 2001) (under AEDPA, conviction only becomes final after expiration of 90-day period for seeking certiorari before U.S. Supreme Court). |
| 6/26/98 | After an unsuccessful appeal to the Third Circuit regarding the 1996 habeas petition, the U.S. Supreme Court denied certiorari regarding the same. |
| 6/99 | On a day uncertain in June 1999, Franklin filed a PCRA petition in the Court of Common Pleas. (Thereafter, the Common Pleas Court denied the PCRA petition as untimely, and the Superior Court affirmed). |
| 8/2/05 | The Pennsylvania Supreme Court denied Franklin's PAA regarding his unsuccessful PRCA petition. |
| 2/12/06 | Franklin executed the current habeas petition. |

As seen above, the Petitioner's conviction became final on December 11, 1996. Rather than file a PCRA petition thereafter, Franklin filed a habeas petition on October 28, 1996. That petition remained pending until June 26, 1998, when the Supreme Court denied his petition for certiorari. For present purposes, the court will equitably toll AEDPA's statute of limitations during this period. *See* Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., concurring) (proposing equitable tolling in situations where first habeas petition was timely filed but dismissed for failure to exhaust).

Even with this equitable tolling, AEDPA's statute of limitations began to run on June 27, 1998, and it expired on June 27, 1999. Franklin's current Petition, then, remains untimely by over six years.

Although Franklin did file a PCRA petition in June 1999, the state courts consistently held that the petition was time-barred. As such, the PCRA petition does not qualify as a "properly filed" state post-conviction petition for the purposes of the tolling provisions in 28 U.S.C. § 2244(d)(2). *See* Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) ("an application is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings including time limits upon its delivery") (citation and internal quotations omitted); Merritt v. Blaine, 326 F.3d 157, 165-66 & n.6 (3d Cir. 2003) (where petitioner's second PCRA petition was untimely under state law, it was not "properly filed" for purposes of AEDPA).

Even assuming the PCRA petition justifies some sort of non-statutory equitable tolling, moreover, Franklin's Petition still is untimely.[1]

---

[1] In Banks v. Horn, the Third Circuit Court affirmed the grant of non-statutory, equitable tolling "given th[e] unusual fact pattern" in that case. *Id.*, 271 F.3d 527, 534 (3d Cir. 2001)

For even if the District Court equitably tolls the limitations period between June 1, 1999 (the earliest possible date of the PCRA filing) and August 2, 2005 (the date the Pennsylvania Supreme Court denied Franklin's PAA regarding the PRCA petition), Franklin's current habeas petition came 168 days late.[2]

The only other matter warranting comment is the Petitioner's attempt to invoke 28 U.S.C. § 2244(d)(1)(D). *Id.* (AEDPA limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"); *see also* Petition (Doc. 8) at 4, ¶ 11(b) (circling paragraph on pre-printed form tracking similar language). This subsection essentially adopts a "discovery rule," requiring the Petitioner to show that, despite his due diligence, he only later uncovered the factual predicate(s) of his claims. *See generally* DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) (recognizing same).

Here, the Petitioner has failed to identify the factual predicates he claims to have later discovered, let alone why they could not have been timely uncovered by due diligence.

---

("even were we to decide that the late filing of [the petitioner's] second PCRA rendered it not 'properly filed,' the [d]istrict [c]ourt appropriately called on equitable principles to toll the one-year AEDPA requirement" because "Pennsylvania law regarding the nature of the filing requirement was [then] unclear"), *rev'd on other grounds*, 536 U.S. 266 (2002). Here, there is no indication the PCRA timeliness requirement was "unclear," so the "unusual fact pattern" addressed in Banks is absent. Even assuming equitable tolling is otherwise warranted, Franklin's Petition remains untimely. *See* discussion *infra* in text.

[2] Allowing for non-statutory tolling, the Petitioner's limitations period ran from June 27, 1998 until the PCRA petition was filed on June 1, 1999 (339 days), and then again from August 2, 2005 (when the Pennsylvania Supreme Court denied his PAA regarding the PCRA petition) until his current habeas petition was executed on February 12, 2006 (another 194 days). The limitations period ran for 533 days, which is 168 days beyond the one-year statute of limitations under AEDPA.

*See generally, e.g.,* Barrett v. Patrick, 2006 WL 2077019, *4 (W.D. Pa. Jul. 24, 2006) ("[i]t is appropriate to place at least some burden of pleading and production on a habeas petitioner" regarding "the date on which a factual predicate could first have been discovered" through due diligence). Franklin's habeas petition is untimely, and it should be dismissed.

Finally, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). The Petitioner has not shown that jurists of reason would disagree with the court's procedural holdings. *See, e.g.*, Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). Thus, a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by January 16, 2007. Responses to objections are due by January 26, 2007.

December 29, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

Leon Franklin
DB-8158
SCI Rockview, Box A
Bellefonte, PA 16823

Rebecca D. Spangler, Esq. (via email)